OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of murder. After finding appellant guilty, the jury assessed punishment at thirty years confinement in the Texas Department of Corrections.

On direct appeal, appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Art. 37.07, Sec. 4, V.A.C.C.P., *Garcia v. State*, 725 S.W.2d 385 (Tex.App.—Amarillo 1987).

In his petition for discretionary review, appellant urges the Court of Appeals erred in holding Art. 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529, (Tex. Cr.App.1988), this Court determined that Art. 37.07, Sec. 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated and this cause is remanded to that court for further proceedings consistent with this opinion.

John H. Hagler (on appeal only), Dallas, for appellant.

Marcus D. Taylor, Dist. Atty., and Henry Whitley, Asst. Dist. Atty., Quitman, Robert Huttash, State's Atty., Austin, for the State.

**Lee Roy BOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 0725–87.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 9, 1988.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of indecency with a child. After finding appellant guilty, the jury assessed punishment at ten (ten) years in the Texas Department of Corrections.

On direct appeal, Appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Article 37.07, § 4, V.A.C.C.P. *Box v. State*, 730 S.W.2d 862 (Tex.App.—Texarkana 1987).

In his petition for discretionary review, Appellant urges the Court of appeals erred in holding Article 37.07, § 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1988), this Court determined that Article 37.07, § 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.Pro. 81(b)(2).

The judgment of the Court of Appeals is vacated and this case is remanded to that Court for further proceedings consistent with this opinion.

**Billy Earl ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 119–88.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

John C. Paschall, Hearne, for appellant.

Jimmie McCullough, Dist. Atty., Franklin, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of delivery of a controlled substance, and assessed his punishment at forty-five years in the Texas Department of Corrections. The Waco Court of Appeals affirmed, *Anderson v. State*, 742 S.W.2d 541 (1987).

In affirming the trial court's judgment, the Court of Appeals noted that under this Court's original decision in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App. 1987), the parole law instruction statutorily mandated under Art. 37.07, Sec. 4, V.A.C.C.P., is unconstitutional. The Court of Appeals then applied a harm analysis consistent with that set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1984), and found that appellant had not suffered "some harm" which deprived him of a fair and impartial trial.

After this Court delivered its original opinion in *Rose*, supra, and after the Court of Appeals decided the instant appeal, this Court delivered its opinion on the Court's own motion for rehearing in *Rose*, supra, on June 15, 1988. On rehearing, this Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in *Almanza*, supra, govern in deciding whether this type of charge error was harmless to the defendant. This Court further held that failure to object to the unconstitutional jury charge did not waive error.

Accordingly, we grant appellant's petition for discretionary review on ground two only. We summarily remand this cause to the Court of Appeals so that it may analyze the error pursuant to Rule 81(b)(2), supra. See also *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988).

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

ONION, P.J., dissents, and also dissents to the remand.

TEAGUE, J., dissents to the remand.