**Reynaldo JIMENEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–89–00588–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 20, 1991.

---

Ron S. Rainey, Richard Haines Office, Houston, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., Fred G. Rodriguez, Former Criminal Dist. Atty., Jim Kopp, Jay Norton, Barbara Hervey, Bexar County Justice Center, San Antonio, for appellee.

Before CADENA, C.J.,[1] and CHAPA and CARR, JJ.

## OPINION

CHAPA, Justice.

Appellant Reynaldo Jimenez, appeals a jury conviction for the offense of burglary of a habitation with intent to commit sexual assault. Punishment was assessed at imprisonment for life. We affirm.

The issues are whether reversible error was committed because:

1) the trial court permitted evidence of extraneous offenses which allegedly occurred on September 4, 1987, and on September 21, 1986;

2) the prosecution improperly commented about the defendant's silence;

3) the charge improperly commented on the weight of the evidence and allowed the jury to convict on an alleged act not charged;

4) the defendant was denied effective assistance of counsel;

5) the prosecution made an improper argument to the jury; and

6) the evidence was insufficient to support the conviction.

The complainant testified that on the night of October 17, 1987, she had retired for the night after turning off the inside lights, turning on the outside lights and locking the doors. Upon hearing the burglar alarm go off in her home, she grabbed her gun and saw a tall, thin intruder standing in the kitchen. She yelled at the intruder and warned him that she would use the gun. When the intruder lunged towards her, throwing open the bedroom door she was trying to shut, she fired three shots towards the door in a slightly upward direction. However, the intruder knocked the complainant to the floor, jumped on top of her, and ran away only after the main alarm went off, leaving blood on the complainant's clothes, and in the bedroom and other parts of the house, both inside and outside. The police determined that the light bulb outside had been unscrewed and mud had been placed on the peephole of the back door; additionally, only one of the three bullets was recovered in the house, and the blood found on the premises and the complainant's clothes matched the blood type of the appellant, which is found in only .07% of the population.

Over objection, the trial court permitted evidence of two extraneous offenses which allegedly occurred on September 4, 1987, and on September 21, 1986. .

---

1. Carlos C. Cadena, Chief Justice (retired), not participating.

The evidence disclosed that on September 4, 1987, the same complainant involved in the cause before the court, went to bed at night after securing the house and turning on the exterior and the kitchen lights. She awoke to be sexually assaulted three times over a two hour period by an intruder she identified as the appellant. She testified that after breaking in, the intruder took off all his clothes and forced her to have sexual intercourse with him until he left. She stated that the intruder had a certain odor about him and that she recognized the appellant as being the same man who had assaulted her. It was later discovered that the outside light had been unscrewed and a knife was missing. Thereafter, the exterior bulb was unscrewed every week or two.

Evidence further disclosed that on September 21, 1986, another woman in the vicinity of where the appellant and the complainant resided, was also sexually assaulted. After taking security precautions, the woman was awakened by a tall, thin intruder who threatened her with a sharp object, forced her to take off all her clothes, and forced her to have sexual intercourse three times over a period of about two hours. However, the complainant could not identify the intruder because of the darkness. Thereafter, it was discovered that the outside light bulb had been unscrewed and an analysis of a fingerprint found on the bulb matched that of the appellant.

Appellant, who testified that he weighed 175 lbs. and at 5′ 11½″ was the tallest man on his football team, conceded that he lived in the vicinity of all of the alleged incidents, but denied committing the burglary or sexual assaults in question. Although the appellant conceded being immediately outside the home of the complainant at the time of the shooting, he claimed that he had heard her yell, had gone to the door to help when some unknown man had come running out of the house knocking him down. The appellant stated that when he got up outside the complainant's door, he discovered that he had been shot two times but that he had seen neither the person who shot him nor the complainant he allegedly assaulted. Appellant further insisted that he had never been in the home of either the complainant or the other woman he allegedly attacked on September 21, 1986. He stated that he had dragged himself home and his mother took him to the hospital. The appellant conceded that he did not report the incident immediately, but argued that the police were in the hospital where he was taken and he eventually told the police the same story he told the jury. However, the appellant was unable to explain how his blood had been found in the bedroom, other places inside the house, and on the clothing of the complainant.

■ Initially, appellant contends the trial court erred in permitting the evidence of the two alleged extraneous offenses of September 4, 1987, and September 21, 1986.

The Texas Court of Criminal Appeals stated:

> The general rule is that an accused may not be tried for some collateral crime or for being a criminal generally . . . .
>
> \*     \*     \*     \*     \*     \*
>
> Equally well recognized, however, is that " '[T]hese evidentiary principles, as most, must in some circumstances give way. For extraneous transactions constituting offenses shown to have been committed by the accused (note omitted) may become admissible upon a showing by the prosecution both that the transaction is <u>relevant to a material</u> issue in the case; and, the relevancy value of the evidence outweighs its inflammatory or prejudicial potential.' " *Elkins v. State*, [647 S.W.2d 663] 665 [Tex.Crim.App. 1983], quoting *Rubio v. State*, [607 S.W.2d 498] 506 [Tex.Crim.App.1980] (concurring opinion) (underlining in original opinion).
>
> See *Murphy v. State*, 587 S.W.2d 718, 722 (Tex.Crim.App.1979). This is the true "test" of extraneous offense evidence admissibility.

*Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983).

In the present case, appellant's defense was based on his contentions that it was an accident that he was in the vicinity of the

shooting, that he had never been in the home of the complainant, and that he had never intended to commit a sexual assault, which was a critical element of the charge. Therefore, evidence of the burglary, of assailant's identity, and appellant's intent at the time of the burglary were relevant. This is made particularly obvious by the statement of the appellant in his brief that "[i]n the present case, the only evidence of intent was the two prior extraneous offenses." Considering the entire record, we hold that the extraneous offenses were relevant and absolutely necessary to the State, and the relevancy was not outweighed by the inflammatory or prejudicial potential. The points are overruled.

Appellant next complains that reversible error was committed because the prosecution made improper comments as to the defendant's silence after his arrest.

However, the appellant directs our attention to a part of the record where the appellant was cross-examined by the prosecution without objection and the appellant established that when he had recovered sufficiently from his wounds at the hospital, he denied any guilt to the police and told them his version of what had happened. The appellant has failed to show reversible error.[2] The point is rejected.

■ Appellant next complains that the trial court committed fundamental error in the charge to the jury, which allegedly comments on the weight of the evidence and permits the appellant to be convicted of an alleged act not charged.

When the error alleged on appeal is found in an unobjected to charge, reversal will be justified only when the error is fundamental, which requires the harm created by the fundamental error to be so egregious that it deprives the accused of a fair and impartial trial. *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App.1984). Where the indictment alleges that the offense occurred "on or about" a certain date, a charge makes a correct statement of the law when it provides that the State

is not bound by the specific date alleged, and a conviction may be had upon proof that the offense was committed any time prior to filing the charging instrument that is within the period of limitation. *Box v. State,* 730 S.W.2d 862, 863 (Tex.App.—Texarkana 1987), *vacated on other grounds,* 760 S.W.2d 261 (Tex.Crim.App.1988). Further, a charge under these circumstances, that instructs the jury not to consider any evidence of extraneous offenses at all unless they find beyond a reasonable doubt that the offenses were committed by the accused, and limits that consideration to establishing the intent of the accused, if any, in connection to the charged offense, is also a correct statement of the law and cures any misinterpretation of the charge as to the date of the offense. *Id.* at 863.

The record here reflects that no objection was made to the charge, and the appellant is, therefore, required to show egregious harm. The charge here contains correct statements of the law approved in *Box,* 730 S.W.2d 862, regarding the State not being bound by the date on the indictment and the limiting instruction regarding extraneous offenses. Appellant insists, however, that fundamental error exists in the present case because the indictment alleges an offense dated October 17, 19*88,* when the complainant testified the offense occurred on October 17, 19*87.* Considering the record as a whole, it is clear the indicted offense occurred on the 17th of October, either 1987 or 1988, and involved a shooting of the accused. It is also clear that the alleged extraneous offenses involved incidents that occurred on September 21, 1986 and September 4, 1987, which were both relevant, did not involve any shooting, and which were prior both to the date of the offense in the indictment and the date of the offense testified to by the complainant. The appellant, therefore, has failed to show fundamental error in the charge of the court. The complaint is rejected.

■ Appellant next complains of ineffective assistance of counsel and cites several

**2.** Appellant's complaint pertaining to the improper prosecutorial argument concerning appellant's silence will be addressed in conjunction with the remaining complaints regarding improper prosecutorial arguments later in this opinion.

alleged actions and/or inactions of defense counsel which he contends sustain his complaint.

A claim of ineffective assistance of counsel must be determined upon the particular circumstances and facts of each individual case. *Jackson v. State*, 766 S.W.2d 504, 508 (Tex.Crim.App.1985), *vacated*, 475 U.S. 1114, 106 S.Ct. 1627, 90 L.Ed.2d 175 (1986); *Johnson v. State*, 691 S.W.2d 619, 626 (Tex. Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985). A defendant in a Texas criminal case is entitled to reasonably effective assistance of counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Crim.App.1980). The United States Supreme Court, in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), has held that in order to show ineffective assistance of counsel, a convicted defendant must (1) show that his trial counsel's performance was deficient, in that counsel made such serious errors that he was not functioning effectively as counsel and (2) show that the deficient performance prejudiced the defense to such a degree that the defendant was deprived of a fair trial. *Id.* at 689, 104 S.Ct. at 2065. In this connection, a strong presumption exists that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* Prejudice, however, is demonstrated when the convicted defendant shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ex parte Guzmon*, 730 S.W.2d 724, 733 (Tex. Crim.App.1987) (quoting *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986) (quoting *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063).

The *Strickland* standard has been adopted in Texas for resolving allegations of ineffective assistance of counsel under both the federal and state constitutions. *See Holland v. State*, 761 S.W.2d 307, 314 (Tex.Crim.App.1988), *cert. denied*, 489 U.S. 1091, 109 S.Ct. 1560, 103 L.Ed.2d 863 (1989); *Bridge v. State*, 726 S.W.2d 558, 571 (Tex.Crim.App.1986); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986); *see also Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App.1989), *cert. denied*, — U.S. —, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989). This is true, at least, as to the guilt stage of the trial. *See Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim. App.1987) (applying the standard of *Ex parte Duffy*, 607 S.W.2d at 516, to the penalty stage of the trial).

Whether the *Strickland* standard has been met is to be judged by the "totality of the representation," rather than by isolated acts or omissions of trial counsel, and the test is applied at the time of the trial, not through hindsight. *Wilkerson*, 726 S.W.2d at 548; *see also Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex.Crim.App.1990); *Ferguson v. State*, 639 S.W.2d 307, 310 (Tex. Crim.App.1982). Allegations of ineffective assistance of counsel will be sustained only if they are firmly founded. *Smith v. State*, 676 S.W.2d 379, 385 (Tex.Crim.App. 1984), *cert. denied*, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985). The burden of proof rests upon the convicted defendant by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim.App.1985). The fact that another attorney might have pursued a different course of action or tried the case differently will not support a finding of ineffective assistance of counsel. *Hawkins v. State*, 660 S.W.2d 65, 75 (Tex.Crim.App.1983); *Boles v. State*, 598 S.W.2d 274, 279 (Tex. Crim.App.1980); *Benoit v. State*, 561 S.W.2d 810, 818 (Tex.Crim.App.1977).

It is fundamental that an attorney must have a firm command of the facts of the case as well as the law before he can render reasonably effective assistance of

counsel. *Ex parte Lilly,* 656 S.W.2d 490, 493 (Tex.Crim.App.1983). Strategic choices, however, made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065. Normally, a reviewing court is not in a position to "second guess" through appellate hindsight, the strategy adopted by counsel at trial. *Ewing v. State,* 549 S.W.2d 392, 395 (Tex.Crim.App. 1977), *overruled on other grounds, sub nom, Hurley v. State,* 606 S.W.2d 887, 890 (Tex.Crim.App.1980). Full inquiry into strategy or acts of counsel who have been charged with ineffective assistance should be made only if, from all appearances after trial, there is no plausible basis in strategy or tactics for his actions. *Ex parte Ewing,* 570 S.W.2d 941, 945 (Tex.Crim.App.1978). In analyzing an allegation of ineffective assistance of counsel, the reviewing court "... need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant ..." but may dispose of the ineffective assistance claim solely on the issue of prejudice. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

Therefore, appellant has the burden of affirmatively showing that his counsel's representation was so deficient that it raised the "... reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. We hold that the appellant here has failed in his burden.

Appellant complains that his trial counsel failed to file certain pretrial motions without either alleging or showing how the presenting of the alleged motions would have, in all reasonable probability, changed the outcome of the trial; that his trial counsel failed to question the legality of the photo lineup without either alleging or showing how the questioning of the lineup would have, in all reasonable probability, changed the outcome of the trial; that his trial counsel failed to have certain medical examinations made of the appellant without either alleging or showing how this process would have, in all reasonable prob-

ability, changed the outcome of the trial; that his trial counsel failed to present certain alleged witnesses without showing that the witnesses were either available or even favorable to the appellant to such an extent that in all reasonable probability their testimony would have changed the outcome of the trial; that his trial counsel allegedly left the courtroom for a period during final argument without alleging or showing how, in all reasonable probability, the outcome of the trial would have been changed but for this action of his counsel; that his counsel failed to request a continuance when the court admitted the extraneous offenses without alleging or showing how, in all reasonable probability, the outcome of the trial would have been changed but for the failure of his counsel to request a continuance; that his counsel failed to present mitigating evidence during the punishment stage without showing that mitigating evidence was available and how the evidence would have in all probability changed the outcome of the trial; and finally, appellant makes a flat allegation that his "[d]efense counsel did not understand the legal issues presented by the case." Thus, appellant has failed in his burden of establishing the second prong of *Strickland,* by failing to show the required prejudice to the appellant caused by the alleged deficiencies of his counsel, which eliminates the necessity of addressing the first prong. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The point is rejected.

Appellant next contends that the prosecution committed reversible error in making improper arguments to the jury by depicting the accused as a violent, cruel man who was the nightmare of the assaulted women; by contending that the defendant's actions placed the complainant in constant fear of being in her own home after dark; by, allegedly, commenting on the defendant's post arrest silence; by pointing out to the jury that the date on the indictment of October 17, 1988 was obviously a typographical error because the testimony of the complainant was that the offense occurred on October 17, 1987; and by stating to the jury that the only thing

they could do was find the defendant guilty of burglary with intent to commit sexual assault.

In violation of appellate rules, appellant fails to sufficiently argue or present authorities on several of his allegations of improper prosecutorial argument. TEX.R. APP.P. 74(f). Nevertheless, the record reflects that no objections were made to the complained of comments which would have permitted the court to possibly cure the errors with an appropriate instruction, and no motion for mistrial was presented to the court. Therefore, we hold that the appellant waived any error, since the alleged improper arguments were not so prejudicial that an appropriate instruction could not have cured them. *Nichols v. State*, 754 S.W.2d 185, 199–200 (Tex.Crim.App.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 808 (1989). Moreover, several of the remarks objected to were proper summations of the evidence, pleas for law enforcement, or reasonable deductions or inferences from the evidence which were proper. *Cannon v. State*, 668 S.W.2d 401 (Tex.Crim.App.1984). Appellant nevertheless insists that fundamental error was committed by the prosecution, pointing to one alleged remark by the prosecution in argument about the silence of the accused. However, the error, if any, is harmless, in view of the following: the appellant points to only one alleged comment in the record by the prosecution concerning the silence of the appellant; no contention is made by the appellant that the remark was repeated or directly linked with defendant's exculpatory story; the exculpatory story appears transparently frivolous, and; the evidence of guilt appears otherwise overwhelming. *Buitureida v. State*, 684 S.W.2d 133, 142 (Tex.App.—Corpus Christi 1984, pet. ref'd); *see Chapman v. United States*, 547 F.2d 1240, 1249–50 (5th Cir.), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). Further, the evidence indicated that the accused did not remain silent but made, what appears to have been, the same statement in court as that made to the officers at the hospital. The points are rejected.

■ Finally, appellant contends that the evidence is insufficient to prove both that the appellant entered the habitation with intent to commit sexual assault and that the complaining witness was not his wife.

In reviewing the sufficiency of the evidence, this court must determine whether, considering the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Little v. State*, 758 S.W.2d 551, 562 (Tex.Crim.App.), *cert. denied*, 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988); *see Valdez v. State*, 776 S.W.2d 162, 165 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 2575, 109 L.Ed.2d 757 (1990).

In assessing the sufficiency of the evidence to support a conviction, the reviewing court must consider all of the evidence which the jury was permitted, rightly or wrongly, to consider. *Thomas v. State*, 753 S.W.2d 688, 695 (Tex.Crim.App.1988); *Beltran v. State*, 728 S.W.2d 382, 389 (Tex. Crim.App.1987). If a portion of the evidence was wrongly admitted, the defendant may complain on appeal of such error. *Thomas*, 753 S.W.2d at 695.

The reviewing court does not resolve any conflict in fact, weigh the evidence, or evaluate the credibility of the witnesses. *See Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). The jury as trier of fact may accept or reject all or part of the testimony of any witness. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988); *Penagraph v. State*, 623 S.W.2d 341, 342 (Tex.Crim.App. 1981).

After a review of the entire record, in the light most favorable to the verdict, we hold that any rational trier of fact would have found all of the essential elements of this crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789.

Further, where the charge is burglary with an intent to commit a felony, the offense is complete whether the intended felony is committed, as long as the burglarious entry is made with the intent to commit the felony alleged. Therefore, the fact that the complainant was not the wife of the accused is not a necessary element of this offense. *Ford v. State*, 632 S.W.2d 151, 153 (Tex.Crim.App.1982); *Garcia v. State*, 571 S.W.2d 896 (Tex.Crim.App.1978). Moreover, there was evidence in the record that the complaining witness had just lost her husband and was not married at the time of the incident. The point is rejected.

The judgment is affirmed.