Castile v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-032-CR

     DERRICK ANTHONY CASTILE,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 91-110-CR
                                                                                                    

O P I N I O N
                                                                                                    

      Castile was convicted of aggravated sexual assault of a child under the age of fourteen in the
87th District Court, Freestone County. He had entered a guilty plea pursuant to a plea bargain
on the day of trial but then withdrew the plea. The jury assessed his punishment at twenty-five
years in jail. We will affirm the judgment.
      Castile contends in point one that the judgment is void because he was deprived of effective
assistance of counsel in violation of the Sixth Amendment. U.S. Const. Amend. 6. Castile had
retained trial counsel some three to four months prior to trial. He now makes the following
complaints regarding trial counsel's performance.
      Castile alleges that trial counsel did not adequately investigate potential witnesses in preparing
for trial. His chief complaint in this area seems to be that counsel's failure to call the child's
"Aunt Ivory" to the stand can only mean that counsel must not have talked to the victim's aunt in
preparing Castile's defense. However, the record does not reflect what Aunt Ivory's testimony
would have been had she been called as a witness. The victim did testify that she first reported
to her aunt the pain and burning she was experiencing on the evening following the alleged assault
earlier that day. In addition to the fact that presentation of witnesses is a matter of trial strategy
best left to the judgment of counsel, it appears from the record and from oral argument that had
Aunt Ivory been called to testify, she would have been the State's witness rather than a witness
beneficial to the defense. Even assuming that the failure of Aunt Ivory to be called to testify for
the defense could be taken as some evidence of ineffective assistance of counsel, Castile has failed
to show that he was prejudiced. See Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).
      Castile asserts that trial counsel failed to conduct an effective cross examination of Dr.
Buchmeyer, the physician who examined and treated the victim on July 27, four days after the
alleged assault, and diagnosed her as having gonorrhea. Dr. Buchmeyer testified that he had
treated Castile for venereal disease. Defense counsel established on cross-examination that Dr.
Buchmeyer could not state that the victim had been infected by Castile during sexual intercourse. 
Castile does not set out in his brief what additional information should have been elicited from Dr.
Buchmeyer during cross-examination. 
      Castile complains that trial counsel failed to preserve error as to the doctor's testimony that
he had treated Castile for venereal disease. However, an isolated instance of the failure to object
to what may have been inadmissible evidence does not necessarily render counsel's representation
as a whole ineffective. See Johnson v. State, 614 S.W.2d 148, 154 (Tex. Cr. App. 1981).
      Castile generally contends that trial counsel obtained no rulings on pre-trial matters—i.e.,
rulings on motions for the names of witnesses and persons who had knowledge of relevant facts
as well as "a motion for production and discovery." However, Castile does not indicate with
particularity anything he sought of which he was deprived and thus prejudiced.
      Castile next complains that trial counsel failed to request an instruction on alibi under article
38.07 of the Code of Criminal Procedure. See Tex. Crim. Proc. Code Ann. §38.07 (Vernon
1993). Yet Castile points to no evidence indicating that Castile was at a different location at the
time the assault was allegedly committed. See Arney v. State, 580 S.W.2d 836, 840 (Tex. Cr.
App. 1979). Rather than alibi, Castile's defense at trial chiefly consisted of demonstrating a lack
of opportunity; i.e., that the presence of too many people at Castile's home on the morning in
question rendered the assault as alleged by the State an impossibility.
      Castile contends that trial counsel was at fault in failing to object to "have you heard"
questions which the State posed to a defense witness who testified that Castile had a reputation for
being a peaceful, law-abiding citizen. Rule 405(a) of the Rules of Criminal Evidence permits
cross-examination into relevant specific instances of conduct under these circumstances. See Tex.
R. Crim. Evid. 405(a).
      Finally, Castile complains that the prosecutor's argument on parole law was objectionable. 
However, Castile has failed to point to a specific part of the argument as being objectionable and
failed to establish that he was deprived of reasonably effective assistance. Ex parte Duffy, 607
S.W.2d 507, 513 (Tex. Crim. App. 1992).
      Castile has failed to meet the two-pronged test for demonstrating ineffective assistance of
counsel. Castile has failed to demonstrate that trial counsel's performance was so deficient,
because he made errors of such a serious nature, that he was not functioning as "counsel"
guaranteed by the Sixth Amendment. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L.Ed. 2d 674 (1984); Stafford v. State, 813 S.W.2d 503, 505-06 (Tex. Cr. App. 1991). 
He has further failed to show that the deficient performance so prejudiced his defense that he was
deprived of a fair trial; i.e., that there is a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. Id. Moreover, a
strong presumption exists that Castile's trial counsel rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. See Stafford, 813
S.W.2d at 506. Based on a review of the entire record, we do not believe that Castile has rebutted
the presumption that counsel performed effectively. See id.; Archie v. State, 615 S.W.2d 762, 765
(Tex. Crim. App. [Panel Op.] 1981). In making this assessment, we consider the totality of the
representation, rather than simply the isolated acts or omissions of trial counsel, and the test is
applied at the time of trial, not through hindsight. See Jimenez v. State, 804 S.W.2d 334, 338
(Tex. App.—San Antonio 1991, pet. ref'd). We overrule point one.
      In point two, Castile contends that the court erred in failing to instruct the jury pursuant to
article 38.07 of the Code of Criminal Procedure, which provides:
A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal Code, is
supportable on the uncorroborated testimony of the victim of the sexual offense if the
victim informed any person, other than the defendant, of the alleged offense within six
months after the date on which the offense is alleged to have occurred. The requirement
that the victim inform another person of an alleged offense does not apply if the victim
was younger than 14 years of age at the time of the alleged offense. The court shall
instruct the jury that the time which lapsed between the alleged offense and the time it
was reported shall be considered by the jury only for the purpose of assessing the weight
to be given to the testimony of the victim.

Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 1993) (emphasis added).

      The evidence in this case is uncontroverted that the victim was twelve years of age at the time
the alleged sexual assault occurred. The clear language of the statute reflects that the requirement
that the victim's accusation be corroborated by a report to one other than the defendant and that
the jury be instructed that it can consider the report only for the purpose of assessing the weight
to be given the victim's testimony does not apply where the victim is younger than fourteen years
old. Even if such an instruction should have been given, the record fails to reflect an objection
to the charge on this basis. See Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 1993); Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) ( on rehearing). Point two is overruled.
      Castile complains in point three that the evidence is insufficient to sustain a conviction because
the State failed to put on any evidence that the victim was not Castile's spouse. As previously
stated, the victim was twelve years old and living in Bellmead, Texas with her mother on July 23,
1991 when the alleged assault took place. The record shows that Castile lived with the victim's
aunt in Freestone County for approximately two years prior to the incident in question. Both
Castile and his common-law wife indicated during their testimony that they were married to each
other at the time of the alleged offense. Point three is overruled.
      We affirm the judgment.
 
                                                                                     PER CURIAM

Before Justice Cummings and
      Justice Vance
      (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 30, 1992
Do not publish