11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Willie Calvin Reynolds

Appellant

Vs.                   No. 11-01-00337-CR B Appeal from Dallas County

State of Texas

Appellee

 

The trial court convicted Willie Calvin Reynolds
of the offense of aggravated robbery and assessed his punishment at confinement
in the Institutional Division of the Texas Department of Criminal Justice for a
term of six years.  We affirm.

Appellant attacks the factual sufficiency of the
evidence in his first appellate issue.  When
reviewing the factual sufficiency of the evidence, we review all the evidence
in a neutral light.  See Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Cr.App.1996); Reaves v. State, 970 S.W.2d 111,
116 (Tex.App. - Dallas 1998, no pet’n). 
We reverse only if:  (1) the
evidence in support of the verdict, standing alone, is factually too weak to
support it or (2) the verdict is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 
Goodman v. State, 66 S.W.3d 283, 285-86 (Tex.Cr.App.2001); Johnson v.
State, 23 S.W.3d 1, 7 (Tex.Cr.App.2000). A decision is not clearly wrong and
unjust merely because the fact finder resolved conflicting evidence in favor of
the State. Cain v. State, 958 S.W.2d 404, 408 (Tex.Cr.App.1997).   








The complainant and appellant both testified at
trial.  The complainant testified that
he played pool at a topless bar until the bar closed.   He then walked over to a convenience store which was located
adjacent to the topless bar.  The
complainant first encountered appellant in the parking lot of the convenience
store.  Appellant asked the complainant
for a ride.  The complainant refused the
request until appellant offered to pay the complainant $3 for gas money.  The complainant was driving a car that his
father had rented from a rental company. 
After the complainant transported appellant to his destination,
appellant went inside a house to get the $3 which he had offered to the
complainant for giving him the ride. 
The complainant remained inside the rental car at this point.

The complainant testified that appellant returned
from the house carrying a black trunk. 
Appellant asked the complainant to take the trunk to another location
which would be on his way.  The
complainant refused to transport the trunk, and appellant became angry.  The complainant testified that appellant
pulled a butcher knife out of the trunk. 
The complainant ran when he saw the knife.  Appellant chased the complainant with the knife until the
complainant fell in some gravel.  Appellant
attempted to stab the complainant while he was on the ground, but the
complainant was able to fend off the attack. 
The complainant removed $5 from his pocket and offered it to appellant
in order to stop the attack.   When
appellant stopped the attack to retrieve the $5, the complainant got up and ran
back toward the car.  The complainant
testified that appellant chased him again until he reached the car, at which
point appellant entered the car and drove away from the scene.  

The complainant found a police officer sometime
later that night, and he told the officer what had happened.  The next morning, the complainant returned
to the area were he alleged the car was stolen.  He located the rental car, and appellant was standing
nearby.  The police apprehended
appellant upon their arrival.  

Appellant=s
account of what transpired on the night in question varied greatly from the
complainant=s
testimony.  Appellant testified that he
first encountered the complainant long before the complainant went to the
topless bar.  While attending a party at
a private residence, appellant observed the complainant attempting to buy crack
cocaine.  Appellant was concerned about
the complainant=s
welfare given the neighborhood in which he was located.  Although appellant did not know the
complainant, he decided to help the complainant out by obtaining a rock of
cocaine from another guest at the party and taking it to the complainant.  The complainant invited appellant to get
inside the rental car.  Appellant sold a
portion of the cocaine to the complainant for $10.








Appellant testified that the complainant told him
that he would like to find some girls. 
Appellant and the complainant traveled to a Awhore house@
and then to a motel in search of girls. 
When they did not find any girls to their liking at either of these
locations, they went to the topless bar. 
The complainant told appellant that he knew some of the dancers at the
topless bar.  Appellant and the
complainant stayed at the topless bar for a while until the complainant was
ready to leave.  Both appellant and the
complainant left the bar together in the rental car.  Appellant testified that he and the complainant subsequently
agreed that the complainant would let appellant use the car for an unspecified
period of time in exchange for the remaining portion of cocaine in appellant=s possession.  On the way back to the location where
appellant first encountered the complainant, appellant picked up a man who was
carrying a black trunk.  The man showed
the contents of the trunk, which included several kitchen knives, to appellant
and the complainant.  

At that point, the complainant walked off.  Appellant and the man with the trunk
continued riding in the rental car. 
Appellant agreed to assist the man with the trunk in selling its
contents.  Appellant took the trunk to a
man that he knew might be interested in its contents.  Appellant was apprehended by the police at the home of the
potential purchaser.  The man with the
trunk was sitting in the front seat of the car upon the arrival of the
police.   The record reflects that the
contents of the trunk were stolen.   In
summary, appellant testified that he never threatened or attempted to stab the
complainant with the knife and that he operated the rental car with the
complainant=s
permission.

Appellant attacks the factual sufficiency of the
evidence by emphasizing perceived inconsistencies in the complainant=s testimony.   Our review of the appellate record reveals
that the fact finder was presented with the testimony of the two participants
in the events in issue.   The
determination of appellant=s
guilt rested largely on the fact finder=s
determination of each  participant=s credibility.  As noted by the Court of Criminal Appeals in
Johnson, the evaluation of the credibility and demeanor of witnesses is
a job best suited for the fact finder. 
Johnson v. State, supra at 8.  We
do not find that the evidence in support of the verdict is factually too weak
to support the verdict or that the verdict is so contrary to the overwhelming
weight of the opposing evidence as to be clearly wrong and unjust.  Appellant=s
first issue is overruled.








Appellant argues in his second issue that he was
denied effective assistance of counsel under the protections of the United
States[1]
and Texas Constitutions.[2]  He argues that trial counsel should have
objected to the State=s
evidence of one of his prior convictions for driving while intoxicated (DWI),
which was offered at the sentencing hearing. 
The State offered evidence of appellant=s
prior convictions for burglary of a building, misdemeanor theft by check,
and  two DWIs.  The State=s
evidence for one of the DWIs consisted of only the docket sheet and the
charging instrument filed in the prior cause. 


In reviewing a claim of
ineffective assistance of counsel, we must apply an objective standard of
reasonableness.   A defendant making a
claim of ineffective assistance of counsel must show that (1) counsel was
deficient and (2) there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999); Hernandez v.
State, 726 S.W.2d 53 (Tex.Cr.App.1986). 
 We analyze appellant’s state and
federal claims together because the Texas constitutional and statutory
provisions do not provide any greater protection than the federal
provisions.  See Butler v. State, 872
S.W.2d 227 (Tex.Cr.App.1994), cert. den'd, 513 U.S. 1157 (1995).

A claim of ineffective
assistance of counsel must be determined on the particular facts and circumstances
of each individual case.  See Jimenez v.
State, 804 S.W.2d 334, 338 (Tex.App. - San Antonio 1991, pet’n ref'd).  Isolated instances in the record reflecting
errors of omission or commission do not render counsel's performance
deficient.  McFarland v. State, 845
S.W.2d 824, 843 (Tex.Cr.App.1992), cert. den'd, 508 U.S. 963
(1993).  Whether the Strickland
test has been met is to be judged by the totality of the representation.  McFarland v. State, supra.   There is a strong presumption that counsel
rendered adequate assistance and made all significant decisions in the exercise
of reasonable professional judgment. 
See Strickland v. Washington, supra at 689; Stafford v. State, 813 S.W.2d 503, 506
(Tex.Cr.App.1991).  Stated another way:

[C]ompetence is presumed and appellant must rebut this
presumption by proving that his attorney's representation was unreasonable
under prevailing professional norms and that the challenged action was not
sound trial strategy.

 

Stafford v. State, supra at 506.  








Appellant has the burden of
proving ineffective counsel by a preponderance of the evidence. See Moore v.
State, 694 S.W.2d 528, 531 (Tex.Cr.App.1985). 
Allegations of ineffective assistance of counsel will be sustained only
if they are firmly founded.  See Jimenez
v. State, supra at 338. However, while a defendant must overcome the
presumption that the complained of errors are supported by trial strategy,
counsel's conduct will not be supported by the presumption of competence where
counsel's actions cannot be attributed to any reasonable trial strategy.  See Jackson v. State, 877 S.W.2d 768, 771
(Tex.Cr.App.1994).

The appellate record does not
demonstrate that appellant’s trial counsel was ineffective.  Appellant’s claim of ineffective assistance
focuses on an isolated incident that occurred in the punishment phase of the
trial.  The record does not reveal trial
counsel’s strategy or lack thereof in admitting appellant’s prior
convictions.  More importantly, the
record does not reveal that the outcome of the proceedings would have been
different but for trial counsel’s alleged deficiency.  Appellant was charged with a first
degree felony carrying a punishment range of imprisonment for 5 to 99
years or life.  See TEX. PENAL CODE ANN.
'' 29.03(b) & 12.32(a) (Vernon 1994). 
He only received a sentence of 6 years. 
When one compares the severity of the offense of aggravated robbery to
that of driving while intoxicated, the record does not support the conclusion
that appellant’s sentence would have been less had the evidence in question not
been admitted.  Moreover, evidence of
another DWI conviction was properly admitted into evidence.   Appellant’s second issue is overruled.  

The judgment of the trial court
is affirmed.

 

JIM R. WRIGHT

July 11, 2002                                                                           JUSTICE

Do not publish. 
See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











     [1]U.S. CONST. amend. VI.





     [2]TEX. CONST. art. I, ' 10.