11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Michael
John Young

Appellant

Vs.                   No. 11-03-00311-CR -- Appeal
from Taylor County

State
of Texas

Appellee

 

Michael John Young was charged in a multi-count
indictment with burglary of a habitation with the intent to commit sexual
assault and with burglary of a habitation with the intent to commit aggravated
assault.  Following his plea of not
guilty, the jury found appellant guilty on both counts and found that appellant
had used or exhibited a deadly weapon during the commission of the
offense.  See TEX. CODE CRIM. PRO.
ANN. art. 42.12, ' 3g(a)(2)
(Vernon Pamph. Supp. 2004 - 2005).  The
jury assessed appellant=s
punishment at confinement for 20 years on each count to be served concurrently
and assessed a fine of $2,000 on each count. 
We affirm.

Appellant presents three issues for review.  In his first issue, appellant contends that
the trial court erred when it included an instruction in the charge that
required the jury to determine whether appellant used or exhibited a deadly
weapon during the offense.  In issues two
and three, appellant contends that the evidence was legally and factually
insufficient to support a deadly weapon finding. 








 In order to
determine if the evidence is legally sufficient, we must review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  In order to determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak that the verdict is
clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the beyond-a-reasonable-doubt burden of proof could
not have been met.  Zuniga v. State,
No. 539-02, 2004 WL 840786 (Tex.Cr.App. April 21, 2004); Ross v. State,
133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 


The victim testified that in the early morning
hours of December 2, 1998, she awoke to find appellant standing next to her bed
wearing nothing but his underwear.  The
victim was lying on her stomach when appellant jumped on top of her and
threatened to kill her if she said anything. 
Appellant turned the victim over onto her back, and she began to fight.  Appellant choked her and threatened to kill
her.  The victim eventually broke free
and tried to flee, but appellant pursued her. 
The victim testified that appellant caught her by the hair as she left
the bedroom and that he began choking her again.  The struggle continued into the living
room.  Appellant kept choking the victim
as the two of them fell over the living room furniture.  Appellant and the victim eventually ended up
on the couch, where the victim once again managed to free herself from appellant=s grip. 
The victim ran for the door, but it was locked.  She finally escaped through the window which
appellant had used to enter the apartment. 
The victim ran to her neighbor=s
apartment, and they called the police.  

The victim later identified appellant as her
assailant.  The victim had met appellant
earlier in the day when a mutual friend and appellant visited her
apartment.  Appellant was also identified
by his fingerprints on the window screen that he removed in order to gain
access to the apartment.  Appellant=s fingerprints were also found on a
knife found at the foot of the victim=s
bed. 








Abilene Police Officer Michael Dawkins testified
that on December 2, 1998, at about 5:33 
a.m., he received a call about an incident that had occurred at 757
North 10th Street, Apartment 5.  He
responded to the call; and, when he went to Apartment 6, where the call had
originated, he found the victim.  Officer
Dawkins testified that The victim was frightened and obviously injured. Abilene Police Officer Larry Dale Tatum arrived
at the apartment complex shortly after Officer Dawkins.  He testified that, when he arrived at the
scene, he observed a second story window that had been raised and a screen that
had been pushed out and up.  Officer
Tatum spoke briefly with Officer Dawkins then went into the victim=s apartment through the open window by
the front door. Officers Tatum and Dawkins both testified that it appeared as
though there had been a struggle in the apartment; the coffee table was
smashed, objects were scattered on the floor, and the bed was broken.  The officers also observed a piece of the
victim=s hair on
the floor.  In the bedroom, at the foot
of the victim=s broken
bed, the officers found a sweatshirt containing a bag of marihuana,
methamphetamine, and a syringe.  The
officers also found a pair of  men=s underwear, socks, a tennis shoe, and
a large knife out of its sheath.  The
knife was an assault knife and was approximately ten inches long with finger
holes and a finger guard; the assault knife bore the brand name AThe Best Defense.@ 
Officer Dawkins testified that a wire near the window that appellant had
entered appeared to be freshly cut.  

The indictment filed March 18, 1999, did not
include a deadly weapon allegation.[1]  An accused is entitled to notice from the
State that the use and exhibition of a deadly weapon will be a fact issue at
the time of prosecution.  Ex parte
Brooks, 847 S.W.2d 247, 248 (Tex.Cr.App. 1993).  The written notice may be given independent
of the indictment.  Ex parte Patterson,
740 S.W.2d 766, 773-74 (Tex.Cr.App.1987). 
The record reflects that the State provided appellant with sufficient
notice of its intent to seek a finding of the use of a deadly weapon by filing
such notice on August 19, 2003.  








Appellant contends that the trial court erred in
submitting the deadly weapon issue to the jury because the knife was not in any
way used or exhibited against the victim during the commission of the
offense.   A knife is not considered a deadly
weapon per se, but it may become a deadly weapon.  Thomas v. State, 821 S.W.2d 616,
618-20 (Tex.Cr.App.1991).  TEX. PENAL
CODE ANN. '
1.07(a)(17) (Vernon Supp. 2004 - 2005) defines deadly weapon in two ways.  First, in Section 1.07(a)(17)(A) A[d]eadly weapon@
is defined as Aa firearm
or anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury.@  Although the knife in this case appears to
fall under that definition, the jury was not so charged.  The charge was in accordance with Section
1.07(a)(17)(B) and defined deadly weapon as Aanything
that in the manner of its use or intended use is capable of causing death or
serious bodily injury.@  See Section 1.07(a)(17)(B). Appellant
testified that he never exhibited the knife toward the victim in any way but
that he only used the knife to pry open the window.  However, Officer Tatum testified that he did
not see any marks on the window indicative of prying.  The victim testified that she did not see the
knife until the police showed it to her. 
However, it is not necessary that the State show that appellant actually
used the knife in a deadly manner or that the knife actually caused serious
bodily injury.  Rather, the State must
show only that, in order to facilitate the commission of the underlying crime,
appellant used or intended to use the knife in a manner which could
possibly cause death or serious bodily injury. 
(Emphasis added)  McCain v.
State, 22 S.W.3d 497, 503 (Tex.Cr.App.2000); Hill v. State, 913
S.W.2d 581, 591 (Tex.Cr.App.1996).  The Ause@
of a deadly weapon during the commission of a felony offense extends to any
employment of a deadly weapon even its simple possession if such possession
facilitated the associated felony.  Patterson
v. State, 769 S.W.2d 938, 941 (Tex.Cr.App. 1989). 

Appellant relies on Cates v. State, 102
S.W.3d 735 (Tex.Cr.App.2003), for his contention that merely prying open the
window with the knife does not satisfy the use requirement.  In Cates, the jury convicted the
defendant of failure to stop and render aid to a man whom he had just hit and
killed while driving his truck.  The jury
found that the truck had been used as a deadly weapon in the commission of the
offense.  The Court of Criminal Appeals
noted that the relevant time period for determining whether the truck was used
or exhibited as a deadly weapon was the time period after the victim was hit or
during the commission of the offense of failure to stop and render aid.  Cates v. State, supra at
736-739.  The offense of failure to stop
and render aid did not begin until after the victim had been hit.  There was no evidence that the vehicle was
driven in a deadly manner beginning at that time.








This case is distinguishable from Cates
because there is evidence in this case that appellant used the knife in the
commission of the offense for which he was tried:  burglary of a habitation with the intent to
commit sexual assault, not some other offense as in Cates.  Further, 
there is evidence of intent to use the knife in a manner which could
cause death or serious bodily injury. 
Intent may be inferred from the defendant=s
conduct and surrounding circumstances.  Nunez
v. State, 117 S.W.3d 309, 322 (Tex.App. - Corpus Christi 2003, no pet=n); Moore v. State, 54 S.W.3d
529, 539 (Tex.App. - Fort Worth 2001, pet=n
ref=d). 
The jury alone is empowered to determine the issue of intent.  Moore v. State, supra.  The events of a burglary may imply the intent
with which the accused entered, and intent may be inferred from the accused=s conduct and surrounding
circumstances.  Moore v. State, supra.
 Further, where the charge is
burglary with an intent to commit a felony, the offense is committed whether or
not the intended felony is completed, as long as the entry is made with the
intent to commit the felony alleged.  Jimenez
v. State, 804 S.W.2d 334, 341 (Tex.App. - San Antonio 1991, pet=n ref=d).  In this case, appellant admitted that he used
the knife to pry open the window thus facilitating the burglary.  The knife was found unsheathed at the foot of
the victim=s
bed.  Appellant assaulted, choked, and
threatened to kill the victim.   It is a
reasonable inference for the jury to make that appellant intended to use the
knife to facilitate the sexual assault.

After reviewing all of the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could
have found the essential elements necessary to support a deadly weapon finding
beyond a reasonable doubt.  Likewise,
viewing all of the evidence in a neutral light, we cannot conclude that the
evidence supporting appellant=s
conviction is so weak as to render the conviction clearly wrong and manifestly
unjust or that the evidence supporting guilt, although adequate when taken
alone, is so greatly outweighed by the overwhelming weight of contrary evidence
as to render the conviction clearly wrong and manifestly unjust.  We conclude that the evidence is legally and
factually sufficient to support a finding that appellant used a deadly weapon
during the commission of the offenses. 
In light of this determination, we also conclude that the trial court
did not err in submitting the deadly weapon issue to the jury.  Appellant=s
issues on appeal are overruled.  

The judgment of the trial court is affirmed.

 

JIM R. WRIGHT

JUSTICE

 

September 30, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Appellant=s trial
was originally set for April 10, 2000. 
However, appellant did not appear and was not located until April of
2003.  A new prosecutor who was assigned
to the case in the interim made the decision to seek a deadly weapon finding.