

# NUMBER 13-11-00615-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARGARITO GARCIA JR.,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

### On appeal from the 2nd 25th District Court
### of Gonzales County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Rose Vela**

A jury found appellant, Margarito Garcia Jr., guilty of failure to comply with the necessary sex-offender registration requirements, a third-degree felony.   *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(a), (b)(2) (West 2011).   After finding appellant had two previous felony convictions, the jury assessed punishment of twenty-five years' imprisonment.   On appeal, appellant claims his defense counsel was ineffective for failing to object to a portion of the prosecutor's closing argument.   We affirm.

## I. FACTUAL BACKGROUND

The State elicited testimony that appellant failed to register as a sex-offender in Gonzales County, Texas. The State called Diane Jurek, custodian of jail records for the Gonzales County Sheriff's Department, who established the appellant never registered with her as a sex offender.

Next, James Taylor, the sex offender registration officer with the Gonzales Police Department, explained that he personally informed appellant that he was required to register within seven days of an address change. Taylor also testified that in December of 2009, he learned appellant had failed to register since March 2006.

Ken Morrow, an apartment and commercial real estate owner in Gonzales County, testified appellant lived in one of his properties located at 503 St. Joseph Street during the summer of 2009. Tammi West, a lieutenant for the Gonzales Police Department, stated under oath that on August 6, 2009 appellant told her he lived at 503 St. Joseph Street. On re-direct, Lieutenant West explained that the police went to appellant's apartment on August 6th, appellant did not report to the police station.

The State then called Linda Townsend, program supervisor at the field services department of the Gonzalez County Sheriff's Department, who disseminates sex offender registration information prior to release. She testified that prior to each sex offender's release, they are thoroughly explained the requirements of registration. During cross examination, defense counsel established Townsend did not personally explain the protocol to appellant.

State witness Vincent Castilleja, sex offender registration coordinator for the Texas Department of Public Safety, testified all convicted sexual offenders must report

2

changes of residence.  He also stated appellant failed to register from March 31, 2006 until March 11, 2010.

The State's final witness, Frank Allenger, the chief investigator for the 25th Judicial District Attorney's Office, offered his professional opinion that appellant's fingerprints taken during trial matched those on State's exhibits 2 and 3, which are (1) appellant's plea agreement and (2) appellant's Texas Department of Criminal Justice paperwork pertaining to his sex-offender registration requirements.

During the State's guilt-innocence phase closing argument, the prosecutor made the following remarks:

> [PROSECUTOR]: *Why do we let—what—why do we force sex offenders to register in Texas?  Why do we do that?  What's the purpose of it?  If you rape our sisters, if you molest our children, if you expose our yourself [sic] to our mothers, you have to let us know where you live if you're not in the penitentiary because we don't want people that rape our sisters, molest our children, expose themselves to our mothers, we don't want them walking the streets freely, without our knowledge of where they are.*
>
> *Why—why don't we want that?  We don't want that to happen because we don't want to live next to them if we've got a choice. We want to know where they are at all times. We have a right to know that, as citizens of the community, as citizens of the State of Texas.  There is a law in place that says if you've done these sexual acts, if you've done these terrible things to members of our society, then you have to let us know where you live.*
>
> It's not that hard a thing for someone to do when they've done such terrible things, to let us know where they live.  That's all they have to do to comply with these requirements.  They have to tell us where they go when they get out of jail or when they go on probation; and they've got to keep us updated once a year, and every time they move, to be sure that's where they still live. It may not sound like a big deal, but it's a huge deal because we don't have to live next to somebody—we're not saying they can't live somewhere, but we don't have to live next to them if we've got a choice, if we don't want our children around them, if we

3

don't want our sisters around them, if we don't want our wives around them.  We've got a right to know, and he's got an obligation to tell us.

(emphasis added.)

## II.  DISCUSSION

### A.  Standard of Review

"The Sixth Amendment to the United States Constitution, and section ten of Article 1 of the Texas Constitution, guarantee individuals the right to assistance of counsel in a criminal prosecution."  *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011) (citing U.S. CONST. amend VI; TEX. CONST. art. 1, § 10).   "The right to counsel requires more than the presence of a lawyer; it necessarily requires the right to effective assistance."   *Id.* (citing *McMann v. Richardson*, 397 U.S. 759, 789 n.14 (1970); *Powell v. Alabama*, 287 U.S. 45, 57 (1932)).   "However, the right does not provide a right to errorless counsel,[1] but rather to objectively reasonable representation."   *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)).

"To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland . . .*"   *Id.* "Appellant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense."   *Id.* (citing *Strickland*, 466 U.S. at 689).   "Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective."   *Id.* (citing *Strickland*, 466 U.S. at 687).   "In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective

---

[1]  *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006).

standard of reasonableness under the prevailing professional norms." *Id.* "To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 687).

**B. Analysis**

The analysis concerns two issues: (1) whether the State's argument was an improper jury argument; and if so, (2) whether defense counsel was ineffective for failing to appropriately object to the argument. A proper jury argument must fall within four general categories: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *McKay v. State*, 707 S.W.2d 23, 36 (Tex. Crim. App. 1985). Even if an argument does not fall within one of these four broad categories, a jury argument will fail to constitute reversible error unless, the argument is "extreme or manifestly improper" or "inject[s] new and harmful facts into evidence." *Id.*

While the prosecutor in the case at bar took obvious liberties in his closing argument, these statements do not rise to the level of "extreme or manifestly improper." Furthermore, these statements did not "inject new and harmful facts into evidence." The prosecutor's argument was not intended to create jury confusion; rather, it was an emotional plea for law enforcement based on appellant's history as a habitual offender. A plea for law enforcement is an appropriate, established category of jury argument. *Id.* The mere fact that the prosecutor used emotionally charged language does not render the argument improper. We conclude the prosecutor's closing statements were a proper jury argument.

In light of this conclusion, defense counsel's representation was adequate.[2]  The prosecutor's argument was a proper jury argument; therefore, defense counsel's failure to object to it was a subjective judgment decision.  To prove ineffective assistance of counsel, appellant must prove both prongs of the two-part *Strickland* test.  *Strickland*, 466 U.S. at 687.  Under the first prong, appellant must prove by a preponderance of the evidence that trial counsel's failure to object fell below an objective standard of reasonableness under the prevailing professional norms.  *Id.*  Here, defense counsel's failure to object did not fall below the standard demanded by current professional norms.

Appellant argues defense counsel should have objected because there was no testimony to support the statements in the prosecutor's closing argument and there is a "reasonable probability" the verdict would have been different without such closing.  We disagree.  Defense counsel's failure to object may have been a trial strategy purposefully designed to prevent any unnecessary attention drawn to the prosecutor's argument.  The choice of whether to object during trial is a judgment decision reserved for counsel's discretion.  The mere fact that another attorney might have handled the situation differently does not merit a claim of defective representation.  *Jimenez v. State*, 804 S.W.2d 334, 338 (Tex. App.—San Antonio 1991, pet. ref'd).  Furthermore, any claim of ineffective counsel must be supported by "firmly founded" evidence.  *Id.*  The record is devoid of any information regarding defense counsel's strategy or reasoning for failing to object.  Therefore, there is nothing in the record to refute the strong presumption that

---

[2] To merit grounds for an appeal about an erroneous jury argument, appellant must prove he objected during the trial and pressed such objection to an adverse ruling.  *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  In the instant case, appellant did not object to the State's argument and therefore, concedes he did not preserve the error absent a finding of ineffective representation by defense counsel.

counsel rendered effective assistance and exercised reasonable judgment. *Strickland*, 466 U.S. at 689.

In addition, the *Strickland* standard is evaluated through the lens of counsel's representation throughout the entire trial, not just isolated events. *Whittington v. Estelle*, 704 F.2d 1418, 1425 (5th Cir. 1983). Thus, we must view the effectiveness of defense counsel's representation with respect to the entire trial, not limited to one subjective opportunity to object. While appellant argues that if defense counsel had objected, the jury outcome would have been different, this is a speculative assumption. This Court does not make decisions based on mere speculation without material proof. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (holding counsel's representation was sufficient without substantial proof to the contrary).

Consequently, based on appellant's failure to prove the first prong of *Strickland* by a preponderance of evidence, no evaluation of the second prong of the test is necessary. *Strickland*, 466 U.S. at 687. We overrule appellant's issue.

### III. CONCLUSION

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of June, 2012.