NUMBER 13-01-686-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG 
                                                                                                     
 
LOUIS WAYNE WATTERS,                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
                                                                                                     

On appeal from the 148th District Court of Nueces County, Texas
                                                                                                     

O P I N I O N

Before Justices Yañez, Castillo, and Baird



Opinion by Justice Baird

        Appellant was charged by indictment with the offense of murder. A jury convicted
appellant of the charged offense, and the trial judge assessed punishment at confinement
for ninety-nine years confinement in the Texas Department of Criminal Justice–Institutional
Division. Appellant raises four points of error. We affirm.
I. Extraneous Offense.
          The first point of error contends the trial judge erred in admitting evidence of an
extraneous offense. A summary of the evidence is necessary to put this point in context. 
Appellant and Clyde Ramsey had a disagreement over a drug deal. This disagreement led
to a confrontation between them a few days prior to the instant offense. At this
confrontation, appellant shot Ramsey.
          In the instant case, appellant repeatedly fired an “AK-47 type” firearm into a group
of people outside of the Savoy Hotel.


 Ramsey and the complainant were members of this
group. The complainant was hit by a single bullet, and mortally wounded.
          The State sought to offer evidence of the extraneous offense to prove Ramsey was
appellant’s intended victim, but the complainant, with whom appellant had no
disagreement, was the person actually shot and killed by appellant. Specifically, the State
argued the extraneous offense evidence was admissible to prove motive, intent, plan, and
preparation. Appellant objected “to them being extraneous offenses.” That objection was
overruled, and several witnesses testified about the extraneous offense.
          Perhaps no rule of law is more firmly recognized in criminal jurisprudence than that
the accused may be tried only for the offense charged, and not for some collateral crime
or for being a criminal generally. This fundamental tenet is incorporated into our law in rule
404(b) of the Texas Rules of Evidence, which prohibits extraneous offense evidence from
being offered to prove character conformity. See Tex. R. Evid. 404(b). However, such
evidence may be admissible if it has relevance apart from character conformity. 
Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (op. on reh’g). 
Extraneous offense evidence has relevance apart from character conformity in three
limited circumstances: where the evidence is relevant to: (1) an elemental fact such as
identity or intent; (2) an evidentiary fact such as motive or opportunity that inferentially
leads to an elemental fact; or (3) defensive evidence such as accident or mistake that
undermines an elemental fact. Id. We review the decision to admit such evidence under
an abuse of discretion standard of appellate review. Id. at 391. In this context, if the trial
court’s ruling was within the zone of reasonable disagreement, the appellate court will not
intercede. Id.
          The trial judge charged the jury on the theory of transferred intent as follows:
A person is criminally responsible for causing a result if the only
difference between what actually occurred and what he desired,
contemplated, or risked is that (1) a different offense was committed or (2)
a different person or property was injured, harmed, or otherwise affected.
 
Now bearing in mind the foregoing instructions, if you believe from the 
evidence beyond a reasonable doubt, that [appellant], on or about June 11,
2000, in Nueces County, Texas, intending to cause the death of Clyde
Ramsey by shooting him with a firearm did then and there shoot and kill [the
complainant]; or . . . .




          Our review of the record evidence reveals there was bad blood between appellant
and Ramsey. However, there is no evidence whatsoever of any disagreement between
appellant and the complainant. Nevertheless, when the record evidence is considered in
light of the foregoing instruction, we find the elemental fact of intent was at issue in the
instant case. Therefore, the extraneous offense evidence had relevance apart from
character conformity. Accordingly, we hold the trial judge did not abuse his discretion in
admitting the complained of evidence.



          Appellant further argues the extraneous offense evidence was inadmissible under
rule 403 of the Texas Rules of Evidence. See Tex. R. Evid. 403. However, a separate
objection is required to preserve a rule 403 issue for appellate review. Montgomery, 810
S.W.2d at 388. No such objection was made in the instant case. Therefore, we must
reject the rule 403 argument which is advanced for the first time on appeal.
          For both of these reasons, the first point of error is overruled.
II. Motion for New Trial.
          The remaining points of error complain of the denial of appellant’s motion for new
trial. In the hearing on that motion, appellant offered into evidence his affidavit and a
threatening letter, purportedly from Ladelle “L.T.” Thomlinson. Specifically, Thomlinson
promised that appellant and his family would be provided for if appellant took “the rap” for
Vincent Johnson, a co-defendant, and the cousin of Thomlinson. But if appellant did not
“take the rap,” Thomlinson threatened to make sure appellant’s family was “history,” and
appellant would be “fade[d]” in prison. Appellant also offered into evidence the affidavit of
trial counsel, who stated he received the letter prior to trial, but misplaced it and did not find
the letter until after trial. 
          Appellant’s second point of error contends the letter constituted newly discovered
evidence. Article 40.001 of the Texas Code of Criminal Procedure provides: “A new trial
shall be granted an accused where material evidence favorable to the accused has been
discovered since trial.” Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp. 2004). 
Over the years, a four-part test has been developed for granting a new trial based upon
newly-discovered evidence: 
(1) the newly-discovered evidence was unknown to the movant at the time
of trial;
(2) the movant's failure to discover the evidence was not due to his want of
diligence;
(3) the evidence is admissible and not merely cumulative, corroborative,
collateral, or impeaching; and
(4) the evidence is probably true and would probably bring about a different
result in another trial.
 
Keeter v. State, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002) (emphasis added).
          We reject appellant’s arguments advanced in the second point of error, because we
find the evidence that appellant was threatened by a third party, namely Thomlinson, was
collateral to any issue at trial. Easley v. State, 986 S.W.2d 264, 269 (Tex. App.–San
Antonio 1998, no pet.) ("threat" testimony was properly excluded on the basis of
relevancy). Accordingly, the second point of error is overruled.
          The third point of error contends the trial judge erred in denying the motion for new
trial because a material witness, namely appellant, was kept from court by force, threats,
or fraud. Tex. R. App. P. 21.2(e). Specifically, appellant argues he was kept from testifying
because of the threats contained within Thomlinson’s letter. Appellant’s affidavit states:
“Because of the threatening letter, I was afraid to testify in my own behalf or to present
evidence of an alibi defense.” 
          We must reject this argument for two reasons. First, the circumstances establish
that appellant was not “kept from court” because of the threatening letter. The letter
instructed appellant to “take the rap.” However, appellant did not take the rap, but instead
pled not guilty and proceeded to trial. Secondly, the affidavit does not specify what
appellant’s testimony would have been, or what his alibi evidence would have been. 
Consequently, the trial judge did not abuse his discretion in denying the motion for new trial
after considering the conclusory nature of the affidavit. Jordan v. State, 883 S.W.2d 664,
665 (Tex. Crim. App. 1994) (affidavit deficient for failing to state what the two witnesses
would have said to exculpate defendant). Accordingly, the third point of error is overruled.
          The fourth point of error contends trial counsel was ineffective for not using the
Thomlinson letter at appellant’s trial. Obviously, the letter was not available because it was
misplaced by trial counsel, and not relocated until after trial. While this conduct cannot be
condoned, we are informed by trial counsel’s affidavit that he had no intention of using the
letter at appellant’s trial because counsel “did not think the letter was significant as it did
not contain anything that indicated [appellant] was innocent.” 
          The right to the effective assistance of counsel is guaranteed to criminal defendants
by the Sixth and Fourteenth Amendments to the United States Constitution and article I,
section 10 of the Texas Constitution. The well known two-pronged standard of Strickland
v. Washington, 466 U.S. 668, 684 (1984), is utilized when reviewing ineffective assistance
of counsel claims. The reviewing court must first decide whether trial counsel's
representation fell below an objective standard of reasonableness under prevailing
professional norms. Id. at 687. If counsel's performance was deficient, the reviewing court
must decide whether there is a "reasonable probability" the result of the trial would have
been different but for counsel's deficient performance. Id. A reasonable probability is a
"probability sufficient to undermine confidence in the outcome." Id. at 694. Absent both
showings, an appellate court cannot conclude the conviction resulted from a breakdown
in the adversarial process that renders the result unreliable. Id. at 687; Ex parte
Menchaca, 854 S.W.2d 128, 131 (Tex. Crim. App. 1993); Boyd v. State, 811 S.W.2d 105,
109 (Tex. Crim. App. 1991).
          The defendant bears the burden of proving ineffective assistance of counsel by a
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998); Riascos v. State, 792 S.W.2d 754, 758 (Tex. App.–Houston [14th Dist] 1990, pet.
ref'd). Allegations of ineffective assistance of counsel will be sustained only if they are
firmly founded and affirmatively demonstrated in the appellate record. McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Jimenez v. State, 804 S.W.2d 334, 338 (Tex.
App.--San Antonio 1991, pet. ref'd). When handed the task of determining the validity of
a defendant's claim of ineffective assistance of counsel, any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight. Ingham v. State,
679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Therefore, we presume counsel's
performance was the result of sound or reasonable trial strategy. Strickland, 466 U.S. at
688, 104 S. Ct. at 2052; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991).
          The record evidence before us clearly demonstrates that counsel’s decision to not
use Thomlinson’s letter was based upon trial strategy. In light of the foregoing
presumption, we are not at liberty to second guess trial counsel’s strategic decisions. 
Accordingly, the fourth point of error is overruled.
          The judgment of the trial court is affirmed.
 
                                                                                                                                                                                                                       CHARLES F. BAIRD
                                                                                      Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed
this 26th day of February, 2004.