Ruth Jones **GUIDRY** et al., Appellants,

v.

John H. **MASSEY,** Trustee, Appellee.

No. 17187.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 7, 1978.

Moses "Moe" Sanchez, Terrence A. Gaiser, Houston, for appellants.

Hodges, Gates & Halcom, H. F. Halcom, Columbus, for appellee.

COLEMAN, Chief Justice.

This is an appeal from a judgment rendered in favor of John H. Massey, Trustee, hereinafter referred to as Massey, against Elizabeth Harris, as Independent Executrix of the Estate of Ruth Jones Guidry, Deceased, hereinafter referred to as Guidry, and Benjamin Harris, hereinafter referred to as Harris, for possession of a certain tract of land and damages. The case was called for trial and tried in the absence of counsel for Guidry and Harris. A timely motion for new trial was filed. It was denied by the trial court and this appeal resulted.

The judgment from which this appeal is taken reflects that on the 12th day of December, 1977 this cause came to be heard in the district court. Massey and Horace I. Allison, a defendant, appeared in person and by attorney and announced ready for trial. Guidry and Harris, who had filed answers and had been given proper notice of the setting of the cause, failed to appear. The judgment recites that the attorney for Harris and Guidry had filed a motion for continuance on December 9, 1977, alleging that he could not be present for the trial because he had been set for trial in Harris County, Texas, on the same date. The judgment recited that the motion for continuance was not presented to the court. Findings of fact which support the judgment entered are recited in the judgment.

A motion for new trial was filed and, after an evidentiary hearing, was denied. The evidence presented on the motion was sufficient to require findings that the failure to appear for trial was not intentional or the result of conscious indifference on the part of the attorney, but was caused by the fact that the attorney was required by another district judge to appear in his court to represent the defendant in a criminal case on the same date.

The motion for new trial neither alleged nor "set up" a meritorious defense. The Supreme Court of this state has clearly held that motions for new trial seeking to set aside default judgments entered on fail-

ure of a defendant to appear for trial must set up a meritorious defense and be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966). The failure to set up a meritorious defense in the motion for new trial was assigned as a reason for the denial of the motion in this case by the trial court. The trial court did not err in overruling the motion for new trial.

The case was tried to a jury and issues were answered with reference to the defendant Allison. Based on the jury's answers to the issues submitted, the trial court entered a take nothing judgment as to Mr. Allison. The motion for new trial filed by Harris and Guidry complains of the action of the trial court in proceeding to trial in the absence of their attorney. No other ground for new trial was set up in the motion. The action of the trial court in proceeding to trial in the absence of the attorney is the only point urged on this appeal.

The judgment recites that the motion for continuance filed by Guidry and Harris was not presented to the court. It is asserted in the motion for new trial that the reason for the failure to present the motion was that the trial court was out of the county on the date it was filed, which was the last working day before the date set for trial. The trial court was notified of the conflict in schedules on the Saturday preceding the date set for trial, but the evidence does not establish that the motion was formally presented, or that the judge entered an order overruling the motion.

■ Rule 247, T.R.C.P., provides that no cause which has been set upon the trial docket of the court shall be taken from the trial docket for the date set except by agreement by the parties or for good cause upon motion and notice to the opposing party. Even though the trial court had knowledge of the circumstances which caused the attorney for Guidry and Harris not to appear at the time set for trial, he had no duty to call up the motion for continuance in the absence of the moving party. It was established at the hearing on the motion for new trial that the attorney for Massey was furnished a copy of the motion on the date it was filed and that he did not agree to a continuance. Under these circumstances the trial court did not abuse his discretion in proceeding to trial. *Ivy v. Carrell,* 407 S.W.2d 212 (Tex.1966); *Browne v. Jefferson County,* 507 S.W.2d 293 (Tex. Civ.App.—Beaumont 1974, ref'd n. r. e.).

■ In a case such as this where a lawyer for one of the parties fails to appear at trial but is able to perfect an appeal from an adverse judgment rendered in his absence, he is entitled to assert any claimed error on the appeal which the record reflects. If, however, he must rely on the action of the trial court in proceeding to trial in his absence, he must show that he was prevented from presenting his case at a proper time through some cause unmixed with negligence on his part and also that he had a meritorious case. *American Hydrocarbon Corp. v. Hickman,* 393 S.W.2d 197 (Tex.Civ.App.—Texarkana 1965, no writ).

The judgment is affirmed.