Emily R. **LEE**, Appellant,

v.

Charles O. **THORNTON**, et ux., Appellees.

No. 01–82–0850–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

Rehearing Denied Sept. 22, 1983.

Fred Fraser, Houston, for appellant.

Homer Cox and Patrick Gailey, Houston, for appellees.

Before EVANS, C.J., and BULLOCK and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

■ The issue in this case is whether the judgment must be reversed because of the trial judge's failure, after timely request and reminder, to file findings of fact and conclusions of law in accordance with Tex. R.Civ.P. 296. This court must reverse the judgment unless the record affirmatively shows that no prejudice resulted from the trial court's failure to comply with this rule. *Wagner v. Riske,* 142 Tex. 337; 178 S.W.2d 117 (1944); *Texas Eastern Transmission Corp. v. Sealy Independent School District,* 572 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ).

This case was tried before the court, without a jury, and at the conclusion of all evidence, the trial court entered a take nothing judgment against the appellant. A full statement of facts has been presented to this court for review.

The record shows that the appellant, a single, eighty-nine year old woman, owned certain residential rent properties, including nine trailer homes, two houses, and the land on which they were situated. On February 9, 1976, she conveyed these properties to the appellees, reserving a life estate to herself, and, in return, the appellees agreed to manage the properties, collect rent from the tenants, and from the money collected, to make designated payments to the appellant during her lifetime. Specifically, the appellees agreed to pay $800 per month to the appellant, and to pay maintenance costs and taxes from the balance of the rents collected. The parties followed this arrangement from March, 1976, until October, 1980, during which period of time the appellees collected $92,679, in rentals and paid $44,200 to the appellant and $43,993 for maintenance costs. A dispute then developed between the parties, and the appellant's attorney in October, 1980 made written demand upon the appellees to vacate the premises. The appellant then filed this suit to cancel the

bill of sale and deed and to recover the rentals collected by the appellees during the term of the agreement. At the close of all the evidence, the trial court entered a take nothing judgment against appellant, and despite timely request and reminder, the trial court failed to file findings of fact and conclusions of law as required by Tex.R. Civ.P. 296.

On this appeal, the appellant argues that the evidence is legally and factually insufficient to support the trial court's take nothing judgment and that she is unable to ascertain from the record the basis for the trial court's judgment since she asserted more than one ground of recovery, i.e., cancellation and recovery of money damages. Thus, she argues that the record does not affirmatively show that no harm resulted from the trial judge's failure to file findings of fact and conclusions of law.

The appellant's argument overlooks the fact that she had the burden, as plaintiff in the trial court, to prove her right to cancellation of the documents in question and to establish her right to recover the rentals collected by the appellees. The evidence concerning the parties' agreement was undisputed, and the appellant did not controvert the appellees' testimony showing that they had fully performed their obligations under the agreement and that appellant had accepted benefits thereunder for a period of more than four years. A review of the entire record clearly demonstrates that appellant simply failed to meet her burden of proving that she had some legal or equitable basis for cancellation of the documents in question and for return of the rentals collected by the appellees. Thus, we hold that formal findings of fact and conclusions of law are unnecessary to the disposition of the appeal, *McClendon v. McClendon,* 289 S.W.2d 640 (Tex.Civ.App.— Fort Worth 1956, no writ), and that the record affirmatively shows that appellant suffered no harm by reason of the trial court's failure to file the requested findings. *See, Beneficial Finance Co. of Austin v. Williams,* 539 S.W.2d 90 (Tex.Civ.App.— Austin 1976, writ dism'd).

The judgment of the trial court is affirmed.