**MISSION INSURANCE CO., Appellant,**

v.

**Edwin T. HILL, Appellee.**

**No. 9269.**

Court of Appeals of Texas, Texarkana.

Aug. 21, 1984.

Rehearing Denied Aug. 21, 1984.

Charles H. Clark, Tyler, for appellant.

Charles L. Attaway, Texarkana, for appellee.

BLEIL, Justice.

Mission Insurance Co. appeals from a post answer default judgment rendered in favor of Edwin Hill. The issue before us is whether the trial court erred in denying Mission's motion for new trial. We find no error and affirm.

In February, 1983, Edwin Hill filed a workers' compensation suit against Mission Insurance Co. Mission did not appear at pretrial on November 4, 1983. Hill announced ready. Mission again failed to appear for trial on November 28, and the trial court granted judgment in favor of Hill. Mission then filed a timely motion for new trial which the trial court denied after a hearing.

Because a motion for new trial is addressed to the trial court's sound discretion, we do not disturb the court's ruling on that motion absent an abuse of discretion. *Southwest Plaza Apts. v. Corpus Christi Brick & Lumber Co.*, 528 S.W.2d 885 (Tex. Civ.App.—Corpus Christi 1975, no writ). A

default judgment should be set aside and a new trial ordered when defendant's failure to appear was not intentional or the result of conscious indifference on his part, but was due to a mistake or accident. Defendant's motion for new trial must set up a meritorious defense and must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). And, in reviewing this case in which the attorney did not appear for trial, we treat it the same as one in which a default judgment is entered after a defendant fails to answer. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). In determining whether there was intentional disregard or conscious indifference, the trial court looks to the knowledge and acts of the defendant.

Mission contends that it conclusively established that the failure of its attorney to appear for trial was not the result of conscious indifference, and that the trial court—ignoring the guidelines of *Craddock*—nevertheless overruled its motion for new trial solely because its attorney failed to follow procedural rules. We affirm the trial court's judgment on two bases.

■ Initially we find that Mission has not demonstrated that it conclusively established at the hearing on its motion for new trial that the failure of its attorney to appear for trial was not the result of conscious indifference. Mission's argument is grounded upon the fact that it presented undisputed testimony at the hearing on motion for new trial to the effect that its attorney was not present for trial in this case because the attorney was in another court on another matter. This evidence falls far short of conclusively establishing that the failure to appear for trial on the part of Mission's attorney was not intentional or the result of conscious indifference, but rather was due to a mistake or accident. Mission's attorney failed to appear at a pretrial hearing on two separate occasions. At the second pretrial hearing

the case was set for trial. Mission had a duty to appear at pretrial and to urge a motion for continuance if it desired to do so. In between the second pretrial and trial, Mission's attorney did file an untimely motion for continuance. However, this motion was not presented to the trial court. The failures to appear at the pretrial hearings or at the trial, coupled with the failure of Mission's attorney to even present its motion for continuance, support the trial court's implied finding that Mission failed to discharge its burden of showing that its failure to appear was not intentional or the result of conscious indifference on the part of the attorney.

■ Moreover, we find that there is an additional reason for upholding the trial court's denial of a motion for new trial. District courts have long possessed inherent authority to promulgate and enforce local court rules. Rule 3A, Tex.R.Civ.P. provides that district courts may make and amend rules governing practice which are not inconsistent with the Texas Rules of Civil Procedure. Formerly Rule 817, Tex.R.Civ.P., served as authority for district courts to enact local rules. Apparently the rules of practice before the 202nd Judicial District Court of Bowie County, Texas, require an attorney to be present at pretrial and trial, or to present reasons why the attorney cannot be present. Mission, while apparently conceding that it violated the local rules of court and the Texas Rules of Civil Procedure, challenges the trial court's authority to consider violations of procedural rules in ruling on a motion for new trial when a defendant establishes that the failure to appear was not intentional or the result of conscious indifference. We have already concluded that Mission did not conclusively demonstrate entitlement to a new trial under the *Craddock* tests. We further hold that the trial court can appropriately consider violations of local court rules of practice in determining whether to grant or deny a motion for new trial. We find no abuse of discretion on the part of the trial

court in denying Mission's motion for new trial.

We affirm.