Constance VICKERY, Charles R. Vickery, Jr., G. Warren Coles, Jr., First National Bank of Bellaire and Mayde Creek Bank, N.A., Appellants,

v.

TEXAS CARPET CO., INC., Appellee.

No. B14–89–00074–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 31, 1990.

Rehearing Denied June 28, 1990.

Peter J. O'Loughlin, Houston, for appellants.

Alan Magenheim, Donna Bolding, Robert W. Davidson, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Constance and Charles Vickery and G. Warren Coles appeal from a judgment rendered in favor of Texas Carpet. In thirty-six points of error, the Vickerys and Mr. Coles allege (1) the trial court erred in failing to grant their motion for new trial, (2) the evidence was factually and legally insufficient to support the judgment, (3) the trial court erred in failing to file findings of fact and conclusions of law, and (4) the trial court erred in not acting on their motion to recuse the trial judge. We affirm.

In the spring of 1985, Warren Coles and Charles Vickery began plans to construct Mayde Creek Bank. Constance Vickery planned the decoration of the bank. Mrs. Vickery ordered the carpet for the bank from Texas Carpet Co. Some of the carpet she ordered had to be specially dyed to coordinate with the decor of the bank. When the carpet was to be installed, Texas Carpet installed only part of the carpet. That part of the carpet that had to be specially dyed was faulty so Texas Carpet sent it back to the manufacturer. Texas Carpet installed the tacking strips for the remaining carpet and left the padding for that carpet in the bank. When the remaining carpet was ready to be installed, appellants did not allow Texas Carpet to install the carpet because they had not yet received a charter for the bank. Appellants then refused to pay for any of the carpet. Subsequently, appellants sold the bank building to Mayde Creek Bank, N.A. without compensating Texas Carpet for the padding and carpet installed, or the padding delivered to the site.

Texas Carpet filed suit against the Vickerys, the Coles, First National Bank of Bellaire, and Mayde Creek Bank for the

money owed on the carpet, padding, and installation. The trial court entered partial summary judgment for Texas Carpet for the value of the delivered and installed carpeting and padding, and the additional padding delivered. At the hearing on that motion, on August 1, 1988, the trial judge ordered the case set for trial the week of October 1, 1988. At that time, Charles Vickery was attorney of record, but Ruben Valdes appeared at the hearing instead of Mr. Vickery because Mr. Vickery was ill. On October 3, 1988, the court called the case for trial at 9:00 a.m. on October 4, 1988. The court coordinator advised Texas Carpet's counsel to appear and Texas Carpet's counsel called Mr. Vickery and advised him of the setting. Mr. Valdes did not file a motion to substitute as counsel until the morning of the trial, and he declared that his substitution would not operate as a delay in the trial of the case. However, at approximately the same time, Mr. Valdes filed a motion for continuance seeking a postponement of the trial setting because he was previously set for trial in another court at that time. Neither of these motions were submitted to the trial judge. Neither Mr. Valdes, nor any of his clients appeared for trial. The court heard Texas Carpet's evidence and found in favor of Texas Carpet.

Appellants filed a motion for new trial, alleging their failure to appear was not intentional or the result of conscious indifference, that they had a meritorious defense, and that the granting of a new trial would not prejudice the opposing party. Appellants further alleged that the evidence was legally and factually insufficient to support the judgment. Appellants also filed a request for findings of fact and conclusions of law and a motion to recuse the trial judge. The trial court denied the motion for new trial.

 In their first eight points of error appellants challenge the trial court's denial of their motion for new trial with regard to setting aside the default judgment. A motion for new trial is addressed to the trial court's sound discretion; therefore, we do not disturb the court's ruling on that mo-

tion absent a finding of abuse of discretion. *Mission Ins. Co. v. Hill*, 679 S.W.2d 578, 579 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.). A new trial should be ordered and a default judgment set aside when the defendant's failure to appear was not intentional or the result of conscious indifference on his part, but was due to a mistake or accident. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The defendant's motion for new trial must set up a meritorious defense and must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Id.* at 126. In reviewing this case in which the attorney did not appear for trial, we treat it the same as one in which a default judgment is entered after a defendant fails to answer. *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966). In determining whether there was intentional disregard or conscious indifference, the trial court looks to the knowledge and acts of the defendant. *Id.*

 Appellants have not demonstrated they conclusively established at the hearing on their motion for new trial that the failure of their attorney to appear for trial was *not* the result of conscious indifference. Appellants' argument is that they presented undisputed testimony at the hearing on motion for new trial that their attorney was not present for trial in this case because he was in another court on another matter. Appellants' evidence falls short of establishing that the appellants' attorney's failure to appear for trial was not intentional or the result of conscious indifference.

The morning of trial, Ruben Valdes filed a motion for substitution of counsel, replacing Charles R. Vickery, Jr. as counsel. Valdes then filed a motion for continuance citing as his reason for continuance that he was scheduled for trial that day in another court on another matter. Valdes did not present the motion for continuance to the court or in any way call it to the attention of the judge before the time of trial. The trial judge had no duty to rule on the motion for continuance in the absence of Valdes or the appellants. *See Guidry v.*

*Massey*, 572 S.W.2d 47, 49 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). Valdes also testified that he made no effort to have the judge of the court in which he was previously set for trial release him to present his motion for continuance to the trial court in this case. Because appellants failed to present their motion for continuance *to the court* and they did not even appear for trial, appellants have not shown that their failure to appear was not the result of conscious indifference. The trial court did not abuse its discretion by proceeding to trial. Points of error one through eight are overruled.

In points nine through twenty-nine appellants claim the evidence was legally and factually insufficient to support the trial court's findings that (1) a contract existed, (2) the contract satisfied the statute of frauds, (3) the amount of actual damages, (4) plaintiff's performance of the contract, (5) an authorized agent contracted to purchase the carpet, (6) misrepresentations by appellants, and (7) the amount of attorney's fees.

■ With regard to legal insufficiency points, we will consider only the evidence tending to support the finding, viewing it in the most favorable light in support of the finding, giving effect to all reasonable inferences that may properly be drawn therefrom and disregarding all conflicting evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

■ Where the challenge to a finding is framed as an insufficient evidence point, the appellate court is to consider all the evidence in the case, both that in support of and that contrary to the finding, to determine if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

■ Although the defendants filed an answer, they failed to appear for trial. The plaintiff in such a situation must proceed to trial and prove his case and see to it that a court reporter was present to make a record. *Bibby v. Preston*, 555 S.W.2d

898, 901 (Tex.Civ.App.—Tyler 1977, no writ). The defendants, by failing to appear at trial, do not abandon their answers nor make an implied confession of any issues joined. *Frymire Engineering Co., Inc. v. Grantham*, 524 S.W.2d 680, 681 (Tex.1975). In this case, plaintiff proceeded to trial and presented evidence.

■ In reviewing the evidence, we find that plaintiffs proved their case of breach of contract and conversion. Robert Martin, secretary and vice president of Texas Carpet, testified that Mrs. Vickery ordered carpet for the Mayde Creek Bank, some of which had to be specially ordered because it required a special dye. In December 1985, Texas Carpet installed all the carpet except the specially dyed carpet because that carpet was faulty when it came from the manufacturer so Texas Carpet sent it back. The installers installed the tack strips and left the padding for the extra carpet. When the specially dyed carpet was returned, Texas Carpet could not finish the installation of the carpet because appellants would not allow them to install it. Mr. Vickery told Texas Carpet not to install the carpet until appellants received the bank charter. Texas Carpet presented appellants with an invoice and sent a letter demanding payment at least 30 days before filing suit. Lorriane Balusik, treasurer and vice president of Texas Carpet, testified that the total amount owed by the Vickerys was $10,050.07 and that they had incurred attorney's fees of $12,500. We find this evidence is sufficient to support the trial court's findings of liability, actual damages, and attorney's fees. Points nine through twenty-nine are overruled.

■ In points of error thirty through thirty-two appellants claim the trial court erred in awarding exemplary damages. Appellants argue that, because appellee recovered under a breach of contract action and there was no finding of malice, exemplary damages could not be assessed. The evidence, however, supported a finding of conversion, which, in this case is sufficient to sustain an assessment of exemplary damages.

Conversion is the unauthorized and unlawful exercise of dominion and control over property inconsistent with or to the exclusion of another's superior rights in that property. *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971). Appellee established conversion by showing that appellants sold the bank building without allowing Texas Carpet to recover their carpet or compensating them for the padding and carpet installed or the padding delivered to the bank. A showing of a willful and knowing conversion, or a conversion in reckless disregard of the rights of others, is sufficient to sustain an assessment of exemplary damages. *First Nat'l Bank of McAllen v. Brown*, 644 S.W.2d 808, 810 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e). The element of malice may be inferred from a showing of willful and knowing conversion. *Steakley Bros. Chevrolet, Inc. v. Westbrook*, 558 S.W.2d 544, 547 (Tex.Civ.App.—Waco 1977, writ ref'd n.r.e). We find sufficient evidence of a willful and knowing conversion; therefore, we find sufficient evidence to support exemplary damages. Points thirty through thirty-two are overruled.

 In points thirty-three and thirty-five, appellants claim the trial court erred in failing to file findings of fact and conclusions of law. Findings of fact and conclusions of law were timely requested and a reminder was timely filed. When a trial court fails to prepare and file findings of fact and conclusions of law as required by rule 296 of the Texas Rules of Civil Procedure, harm is presumed. *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117, 119 (1944). The presumption of harm, however, may be overcome, and the judgment need not be reversed if the record affirmatively shows that the complaining party suffered no injury. *Lee v. Thornton*, 658 S.W.2d 234, 235 (Tex.Civ.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e); TEX.R. APP.P. 81. The method for determining whether an appellant was injured as a result of the court's failure was addressed in *Fraser v. Goldberg*, 552 S.W.2d 592, 594 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e). There the court stated:

Undoubtedly there are situations in which findings and conclusions are necessary in order for the appellant to present his case. In factually complicated situations in which there are two or more grounds for recovery or defense, and undue burden would be placed on the appellant. Having to try to guess the reasons the trial court ruled against him should not be required.

In this case, there is no doubt why the trial court ruled against the appellants; they failed to appear at trial and presented no defense, and plaintiffs' evidence was simple and sufficient. Therefore, the failure to file findings of fact and conclusions of law is harmless error. Points thirty-three and thirty-five are overruled.

 In points of error thirty-four and thirty-six appellants claim the trial court erred in not acting on their motion to recuse and their bill of exceptions on their motion to recuse. The procedural requirements for recusal, as set out in Rule 18a of the Texas Rules of Civil Procedure, are mandatory and a party who fails to comply with Rule 18a waives his right to complain of a judge's failure to recuse himself. *Gaines v. Gaines*, 677 S.W.2d 727, 730 (Tex.App.—Corpus Christi 1984, no writ); *Humble Exploration Co. v. Browning*, 677 S.W.2d 111, 114 (Tex.App.—Dallas 1984, writ ref'd n.r.e). Rule 18a requires that a motion to recuse a judge assigned within ten days of trial "be filed at the earliest practicable time *prior* to the commencement of the trial." In this case, appellants did not file their motion until after the trial. Clearly, this was not the "earliest practicable time prior to the commencement of the trial." By filing their motion after the trial, appellants waived any claim that the trial judge recuse himself. Points thirty-four and thirty-six are overruled.

The judgment of the trial court is affirmed.